IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. FOUCHE | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-272 |
| | : | |
| DAVID DIGUGLIELMO, et al. | : | |

MEMORANDUM AND ORDER

Kauffman, J.                                                                                                  March 16  , 2006

Now before the Court is the Petition of Robert Fouche ("Petitioner") for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated in the State Correctional Institution at Graterford, Pennsylvania. For the reasons that follow, the Petition will be denied.

I. PROCEDURAL HISTORY

On April 13, 1990, following a jury trial in the Court of Common Pleas of Philadelphia County, Petitioner was found guilty of second-degree murder, robbery, criminal conspiracy, and recklessly endangering another person. On June 9, 1994, the Court of Common Pleas denied Petitioner's post-verdict motions and sentenced him to a mandatory term of life imprisonment for the second-degree murder conviction. The Pennsylvania Superior Court affirmed the conviction on November 9, 1995. Commonwealth v. Fouche, 673 A.2d 401 (Pa. Super. Ct. 1995) (table). Petitioner did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On November 18, 1996, Petitioner filed a pro se petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541 et seq. On December

-1-

21, 1998, the PCRA Court dismissed the petition and the Superior Court of Pennsylvania affirmed on December 20, 1999.  Commonwealth v. Fouche, 750 A.2d 368 (Pa. Super. Ct. 1999) (table).  The Supreme Court of Pennsylvania denied allocatur on June 12, 2000. Commonwealth v. Fouche, 759 A.2d 920 (Pa. 2000) (table).

Petitioner filed a second PCRA petition on August 8, 2000, which was dismissed as untimely.  The Superior Court affirmed on February 24, 2005, and the Supreme Court of Pennsylvania denied allocatur on July 8, 2005.  Commonwealth v. Fouche, 873 A.2d 766 (Pa. Super. Ct. 2005)(table), appeal denied, 879 A.2d 781 (Pa. 2005) (table).

On January 20, 2005, Petitioner filed the instant pro se petition for a writ of habeas corpus.  The Court designated United States Magistrate Judge Thomas J. Rueter to submit a Report and Recommendation.  See 28 U.S.C. § 636(b)(1)(B); Local R. Civ. P. 72.1(I)(b). Magistrate Judge Rueter concluded that Petitioner's claims are barred by the applicable statute of limitations.  Petitioner filed timely objections in which he challenges Magistrate Judge Rueter's findings.  Because Petitioner has objected to the Report and Recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).

**II. LEGAL STANDARD**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq.  Habeas petitions under AEDPA are subject to a one-year statute of limitations, which runs from the latest of:

(A)     the date on which the judgment became final by the conclusion of direct

|     |     |
| --- | --- |
|     | review or the expiration of the time for seeking such review; |
| (B) | the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; |
| (C) | the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or |
| (D) | the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. |

28 U.S.C. § 2244(d)(1). The limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

## III. ANALYSIS

Because Petitioner's conviction became final before the effective date of AEDPA, the statute of limitations commenced running on April 24, 1996, the date on which AEDPA was enacted. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Accordingly, Petitioner had until April 23, 1997, to file a timely federal habeas petition.

Petitioner filed his first PCRA petition on November 18, 1996, which tolled the limitations period prescribed by 28 U.S.C. § 2244(d)(2) until the Supreme Court of Pennsylvania denied allocatur on June 12, 2000. As of that date, Petitioner had 157 days remaining in which he could file a timely federal habeas petition.

Petitioner filed a second PCRA petition on August 8, 2000. However, both the PCRA Court and the Superior Court found the second petition untimely. To that extent, the petition was not "properly filed" and did not toll the limitations period. Merritt v. Blaine, 326 F.3d 157,

165-66 (3d Cir. 2002) (holding that "an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition.").[1]  Petitioner's one-year limitation period thus expired on November 16, 2000.  Accordingly, the Court finds that the instant petition, which was filed on January 20, 2005, is time-barred.

Magistrate Judge Rueter also correctly found that Petitioner has not established a basis for the equitable tolling of the one-year statute of limitations period.  Equitable tolling should be applied sparingly.  Lacava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005).  Only extraordinary circumstances will serve to toll the federal habeas statue of limitations.  See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling may be appropriate when: (1) the state has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in the wrong forum.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

 In objecting to the Report and Recommendation, Petitioner states that he was actively misled and prevented from asserting his rights in an extraordinary way.[2]  He fails, however, to provide any facts to support these allegations.  Accordingly, Petitioner has not met the heavy burden imposed on a habeas petitioner seeking to apply equitable tolling.

**III. CONCLUSION**

Petitioner's claims are time-barred and will be dismissed.  Because he has not made the

---

[1]  Federal courts must defer to the state court's determination as to whether a PCRA petition was timely filed.  Merritt, 326 F.3d at 166.

[2]  Petitioner did not argue for the application of equitable tolling prior to filing his Objections to the Report and Recommendation.

requisite showing of the denial of a constitutional right, a certificate of appealability should not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. FOUCHE | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-272 |
| | : | |
| DAVID DIGUGLIELMO, et al. | : | |

**AND NOW**, this          day of March 2006, upon consideration of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (docket no. 14), Petitioner's Objections thereto (docket no. 16), and for the reasons set forth in the accompanying Memorandum, it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is **DENIED** and **DISMISSED**;

3. Petitioner's Motion to Hold Habeas Corpus in Abeyance (docket no. 7) is **DENIED** as moot.

4. Petitioner's Motion for Appointment of Counsel (docket no. 9) is **DENIED**[3];

5. Petitioner's Motion for Extension of Time (docket no. 15) is **DENIED** as moot;

6. Petitioner's Motion to Restart (docket no. 19) is **DENIED** as moot;

---

[3] There is no constitutional right to counsel in federal habeas corpus proceedings. Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991). Moreover, the Petition herein is clearly time-barred.

7.	There is no probable cause to issue a certificate of appealability.

                                        **BY THE COURT:**


                                      _S/ BRUCE W. KAUFFMAN___
                                      **BRUCE W. KAUFFMAN,  J.**